UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM T. CUNNINGHAM, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-cv-00375 (APM) |
| ELIZABETH L. BEASON, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

In this action removed from D.C. Superior Court, pro se Plaintiff William T. Cunningham sues Elizabeth L. Beason, a lawyer for the U.S. Department of Labor, for "Intentional Infliction of Emotional Distress." Notice of Removal of a Civil Action, ECF No. 1 [hereinafter Notice of Removal], Compl., ECF No. 1-1 [hereinafter Compl.], at 4, 7.[1] Plaintiff alleges that Beason (1) "became unprofessional on [a] conference call" with an administrative law judge ("ALJ"); (2) "collude[d] with [the ALJ] throughout the rest of the [Equal Employment Opportunity Commission] process to deprive the Plaintiff" of his constitutional rights; and (3) "violated Lawyer Ethic[s] Laws by not letting her client [the Department of Labor] know they were breaking the law. (*Specifically Misconduct Involving Dishonesty)*." *Id.* at 6–7. Plaintiff seeks $2,000,000 in damages. *Id.* at 8.

Plaintiff's claim is dismissed for lack of subject matter jurisdiction. Plaintiff's tort claim against Beason arises from acts undertaken in her capacity as an employee of the federal government. *See id.* at 4 ("Beason is Employment Law Counsel for the Department of Labor (DoL)."). Therefore, under the Westfall Act, and based on the factually unrebutted certification

---

[1] All pincites to Plaintiff's Complaint refer to PDF pagination.

of Brian P. Hudek, Notice of Removal, Westfall Certification, ECF No. 1-2, the United States is substituted as the proper defendant. *See* 28 U.S.C. §§ 2679(b), (d)(1); *Osborn v. Haley*, 549 U.S. 225, 230–31 (2007); *Jacobs v. Vrobel*, 724 F.3d 217, 219–20 (D.C. Cir. 2013). The United States, however, has not waived its sovereign immunity with respect to the claim asserted. Under the Federal Tort Claims Act ("FTCA"), the United States does not waive its sovereign immunity for any tort claim "arising out of . . . abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," except with respect to conduct not applicable here. 28 U.S.C. § 2680(h). Plaintiff's intentional infliction of emotional distress claim fits within this non-wavier provision. As noted, Plaintiff contends that Beason "colluded" with the ALJ and engaged in acts involving "[d]ishonesty." Compl. at 6–7. Plaintiff's claim thus arises from alleged acts of "abuse of process," "misrepresentation," and "deceit," for which the United States has not waived sovereign immunity.

Additionally, Plaintiff's claim is barred because he failed to exhaust his administrative remedies before filing suit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (affirming dismissal of the plaintiff's FTCA claim for lack of subject matter jurisdiction because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 3, is granted. A separate final order accompanies this Memorandum Opinion.

Dated: July 13, 2021

Amit P. Mehta
United States District Court Judge